IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

B-50.COM, LLC,                §
                              §
        Plaintiff,            §
                              § Civil Action No. 3:10-CV-1994-D
VS.                           §
                              §
INFOSYNC SERVICES, LLC,       §
                              §
        Defendant.            §

MEMORANDUM OPINION
AND ORDER

The motion of defendant InfoSync Services, LLC ("InfoSync") to dismiss the claims of plaintiff B-50.com, LLC ("B-50") for inducement of patent infringement and contributory patent infringement pursuant to Fed. R. Civ. P. 12(b)(6) is denied because B-50 has satisfied the pleadings standards of *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[*]

To prevail on a claim for indirect infringement under 35 U.S.C. § 271(b), B-50 must first prove underlying direct infringement by showing that the accused method meets each claim of the patented method. *See, e.g., BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007). B-50 must also show

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

that InfoSync possessed the requisite knowledge or intent to be held vicariously liable. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004). B-50 must therefore demonstrate that InfoSync's actions "induced infringing acts and that [it] knew or should have known [its] actions would induce actual infringements." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part). B-50 must also establish that InfoSync directed or controlled the conduct of the acting party. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1318-19 (Fed. Cir. 2010).

B-50's amended complaint sufficiently alleges the underlying direct infringement required to bring a claim for inducement of infringement. The pertinent parts of the amended complaint are factual recitations as opposed to legal conclusions. B-50 alleges that it owns U.S. Patent No. 6,633,851 (the "'851 patent"); that InfoSync produces and sells an infringing method, fully described in the amended complaint; that InfoSync either itself uses or directs, controls, and instructs a third party who uses every element of the allegedly infringing method; that InfoSync describes and advertises the accused method on its website; and that InfoSync has actual knowledge of the '851 patent. B-50 has stated a plausible claim for the requisite underlying direct infringement.

B-50's amended complaint also sufficiently pleads a claim for inducement of infringement. B-50 alleges that InfoSync uses or

sells methods claimed by the '851 patent in the accused application, or directs or controls third parties who perform claimed methods. It also alleges that InfoSync has actual knowledge of the '851 patent and continued to sell its allegedly infringing application willfully. B-50's allegations of knowledge, willfulness, and direction or control are sufficient to state a claim for inducement of infringement.

B-50 has also stated a plausible claim to relief for contributory infringement under 35 U.S.C. § 271(c). B-50 alleges that InfoSync sells a product, method, or system—specifically the accused reporting application—that is a component designed for use in an infringing manner. It also avers that InfoSync has sold software tools and instructions to aid in use of the application. The factual content of the amended complaint is sufficient to state a claim that is plausible on its face.

\* \* \*

InfoSync's January 7, 2011 motion to dismiss is denied.

**SO ORDERED.**

March 22, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE